Charles J. Gaughah, J.
This is an application for a writ of error coram nobis. The defendant, who was indicted for a violation of subdivision 1 of section 1751 of the Penal Law, sale of narcotics, contends that his conviction should be vacated since he was not advised of his rights under sections 211 and 212 of the Mental Hygiene Law that he could request civil commitment to a hospital facility, as a narcotics addict. His petition alleges that at the time of his arraignment, the defendant was addicted to the use of heroin. The record herein indicates that the defendant was not so advised.
With very few exceptions, coram nobis relief is not available where the alleged error complained of appears on the face of the record. In such cases the appropriate remedy is by appeal. (People v. Sullivan, 3 N Y 2d 196; People v. Howard, 12 N Y 2d 65.) The court is not aware of any decisions excepting the instant alleged error from operation of this general rule.
Moreover, it appears that the defendant was not entitled to be advised of the rights conferred by “ The Arrested Narcotic *895 Addict Commitment Act ” under either section 211 or section 212 of the Mental Hygiene Law.
Section 211 applies to persons arrested for certain enumerated narcotic crimes: “ 1. Any person arrested after January first, nineteen hundred sixty-three, and charged with a crime involving the possession of narcotics, or possession with intent to sell narcotics, or an attempt or conspiracy to commit such crime * * * or charged with possession or attempted possession of hypodermic syringes or needles ”. The sale of narcotic drugs is not specifically referred to in this section.
Section 212 applies to persons arrested for crimes or offenses other than those indicated in section 211. This section would presumably cover the sale of narcotic drugs. However, the court need not advise a defendant of his opportunity to request civil commitment where “he is presently charged with a felony for which a mandatory minimum term would have to be imposed on sentence were he to be convicted and committed ”. (Mental Hygiene Law, § 212, subd. 6, par. [g].) Subdivision 1 of section 1751 of the Penal Law mandates a minimum prison term of five years for the unlawful sale of narcotics.
Upon approving chapter 204 of the Laws of 1962 which enacted these sections of the Mental Hygiene Law the Governor stated: “ This program would not be available to hardened criminals, including wholesalers and pushers of narcotics who must continue to be prosecuted to the full extent of the State’s strong laws against narcotics offenses.” (N. Y. Legis. Annual, 1962, p. 320.) The court concludes that “ The Arrested Narcotic Addict Commitment Act” does not apply to persons charged with selling narcotics and that this act was not so intended. The petition is denied.